NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK COLLINS, INC., | Civil Action No. 12-7620 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JOHN DOES 1-13, | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendant John Doe #2's ("Defendant") Motion to Quash [Docket Entry No. 23]. Plaintiff Patrick Collins, Inc. ("Plaintiff") opposes Defendant's Motion [Docket Entry No. 26]. The Court has fully reviewed the papers submitted in support of Defendant's motion, and considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Defendant's Motion is DENIED.

**I.  BACKGROUND**

This is an action for copyright infringement brought against thirteen (13) individuals who are identifiable to Plaintiff only by their Internet Protocol ("IP") addresses. Plaintiff moved the Court pursuant to Fed.R.Civ.P. 45 to issue subpoenas on the internet service providers for the various IP addresses sought. Currently, Plaintiff has voluntarily dismissed all John Does with the exception of John Doe #2.

Defendant argues that Defendant has standing to bring the instant motion because Plaintiff's subpoena "seeks to obtain Defendant's identity and other personal information considered to be confidential and over which this Defendant has personal and proprietary interests." (*Defendant's Brief in Support* at 9; Docket Entry No. 23). Alternatively, under Fed.R.Civ.P. 45(c)(3)(A)(iv), Defendant claims an individual has standing to quash a subpoena if the subpoena "subjects a person to undue influence," and argues that release of the requested information will subject the Defendant to undeserved reputational harm and harassment. (*Id.* at 9-10). Defendant also contends that the subpoena should not have been issued at all because the information sought is not relevant to the allegations. (*Id.* at 12). Finally, Defendant asserts that Plaintiff, by filing this action, seeks to abuse the Copyright Act for profit and does not have the means or the intention to fully litigate the matter. (*Id.* at 6, 16-17).

Plaintiff does not argue that the Defendant lacks standing on the basis that the information sought is not privileged. Plaintiff instead argues that the motion should be denied because Defendant, as a third-party, does not have standing to contest subpoenas because there is no undue burden. (*Plaintiff's Brief in Opposition* at 7; Docket Entry No. 26). Plaintiff contends that Defendant cannot contest the subpoenas by claiming undue burden because the burden of producing the information is on the internet service provider and not the Defendant. (*Id.*) Furthermore, Plaintiff argues that, even if Defendant had standing, Defendant still would not have established an undue burden because reputational harm does not constitute an undue burden. (*Id.* at 9). Plaintiff also claims that the subpoenaed information is relevant and that there is no viable alternative to discover infringing actions in order to protect Plaintiff's rights in its copyrights. (*Id.* at 10-13). Finally, Plaintiff does not object to allowing Defendant to proceed anonymously through the end of discovery. (*Id.* at 13).

## II. ANALYSIS

### A. Legal Standard

Fed.R.Civ.P 45(c)(3)(A) sets forth the circumstances under which the Court must quash a subpoena. In relevant part, it provides:

> (c) Protecting a Person Subject to a Subpoena
>     (3) *Quashing or Modifying a Subpoena*
>         (A) *When Required*. On timely motion, the issuing court must quash a subpoena that:
>             (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>             (iv) subjects a person to an undue burden

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Fed. R. Civ. P. 45] are satisfied." *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012) (citing *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)). This has been described as "a heavy burden." *Malibu Media, LLC v. Does*, 2012 WL 6203697, *2 (D.N.J. Dec. 12, 2012) (citing *Dexter v. Cosan Chem. Corp.*, 2000 U.S. Dist. LEXIS 22134, at *7-8 (D.N.J. Oct. 24, 2000)). The Court considers "whether the Defendants have standing . . ., the relevancy of the production sought, whether any privilege or protection applies . . ., and whether the subpoena subject Defendants to undue burden." *Schmulovich v. 1161 R. 9, LLC*, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

### B. Standing

Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). However, "a party has standing to bring a Motion to Quash or modify a subpoena upon a non-

party when the party claims a personal privilege in the production sought." *Schmulovich*, 2007 WL 2362598, *2 (citing *DIRECTV, Inc. v. Richards*, No. Civ. 03-5606 (GEB), 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Catskill Dev. , LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *Schmulovich*, 2007 WL 2362598 *2.

Here, Defendant claims the requested information is confidential and that Defendant has personal and proprietary interests in the information. The Court finds that this assertion is sufficient for purposes of standing and therefore turns to the inquiry of whether the information sought by the subpoena is indeed privileged or protected material.

    C. <u>Plaintiff's third-party Subpoena does not seek privileged or protected material</u>

Although the Plaintiff does not oppose Defendant's assertion that the information sought is privileged, the Court will examine whether the information sought is privileged and confidential. Fed.R.Civ.P. 45(c)(3)(A)(iii) requires a court to quash a subpoena if the subpoena seeks "disclosure of privileged or other protected matter, if no exception or waiver applies." However, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that a privilege exists and that the subpoena would disclose such information." *Malibu Media*, 2012 WL 3089383, at *5 (citing *Total Containment*, 2008 WL 1995298, at *2).

Defendant claims that his identity and other personal information are confidential and that Defendant has personal and proprietary interests over this information. (*See Defendant's Brief in Support*, at 9). The Court finds this statement unpersuasive. Indeed, Defendant's case law does not even directly support Defendant's position. In *Third Degree Films, Inc. v. Does 1-108*, 2012 WL 669055, at *2, the Court found that other courts have consistently ruled that

Defendants, as internet subscribers, "do not have a reasonable expectation of privacy in their subscriber information." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4*, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010). This is because "[I]nternet subscribers have already voluntarily conveyed their subscriber information – name, address, and phone number to their [I]nternet [S]ervice [P]rovider." *Malibu Media*, 2012 WL 3089383 at *8 (citing *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 257 (N.D. Ill. 2011); *Achte/Neunte*, 736 F. Supp. 2d at 216).

In this case, Defendant has voluntarily disclosed his personal information to his service provider in order to set up his Internet account. Accordingly, Defendant cannot now claim that such information is privileged or confidential to establish a basis for quashing a subpoena. *See, e.g., First Time Videos*, 276 F.R.D. at 247-248 (finding disclosure of personal information to ISP negates privacy interest); *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 339-340 (D.D.C. 2011) (same).

### D. Plaintiff's third-party Subpoena does not impose an undue burden on Defendant

A party does not generally have standing to challenge third party subpoena based on undue burden because the subpoena is directed at the ISP and not the Defendant. *See Malibu Media*, 2012 WL 3089383 at *8; *Third Degree Films, Inc. v. Does 1-118*, 2011 WL 6837774, at *3 (D.Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond."). An undue burden exists when "the subpoena is 'unreasonable or oppressive.'" *In re Lazaridis*, 2011 WL 3859919, at *2 (D.N.J. Sept. 1, 2011) (quoting *Schmulovich*, 2007 WL 2362598, at *4). Courts consider several factors to determine the reasonableness of the subpoena including; the

5

party's need for production, the nature and importance of the litigation, the relevance of the material, the breadth of the request for production, the time period covered by the request, the particularity with which the documents are described, and the burden imposed on the subpoenaed party. (*Id*.)

Defendant claims that an undue burden exists because the information sought is not relevant and that Plaintiff is engaging in a "fishing expedition" to elicit settlements through coercive litigation. For reasons discussed below, both of these arguments fail.

Additionally, the Court is persuaded by Plaintiff's argument that there is no other way to ascertain the identity of infringers. (*Plaintiff's Brief in Opposition* at 11). Without Defendant's identity, Plaintiff is unable to enforce its rights against online infringement. Therefore, the Court finds that the Subpoena is not unreasonable or oppressive and thus does not impose an undue burden.

### E. The information sought by the Subpoena is relevant

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)." *Schmulovich*, 2007 WL 2362598, at *2 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan.2003)). Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense – including . . . the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1).

Defendant claims that an IP address cannot be used to identify an alleged copyright infringer because the IP address only identifies an internet subscriber and not the alleged individual infringer. (*See Def. Brief in Support* at 11). Multiple users can be connected to a single IP address and as a result, an IP address as an identifier of copyright infringement has the

possibility of being inaccurate. However, the Court finds this argument unpersuasive. The appropriate inquiry under Fed.R.Civ.P. 26(b)(1) is not whether the information sought will lead to identifying the infringer but whether the information sought reasonably leads to the discovery of admissible evidence. The Court notes that it is possible the internet subscriber did not download the infringing material. It is also possible that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. *See Malibu Media*, 2012 WL 3089383, at *10 (citing *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)); *See also Malibu Media, LLC v. Does 1-11*, 2013 WL 1504927, at *6 (D.N.J. Apr. 11, 2013) ("even if the information itself is not admissible evidence because the subscriber is not the alleged infringer, the information might lead to the discovery of other admissible evidence pertaining to the identity of the alleged infringer"). As a result, the Court finds the information sought by the Subpoena relevant.

      F.  <u>Defendant can proceed anonymously through discovery</u>

Defendant emphasizes that Plaintiff is engaged in a fishing expedition and "does not have the means or the desire to prove these cases on their merits." (*Def. Brief in Support*, at 6). Defendant further points out that Plaintiff files numerous, similar lawsuits across the country and that Plaintiff does not bring these cases to trial. (*Id.*) Defendant contends that Plaintiffs actions amount to harassment and extortion, with a sole goal of eliciting profitable settlements from defendants who fear their reputations will be tarnished. (*Id.*) Additionally, Defendant relies on *VPR Internationale v. Does 1-1017*, 2011 WL 8179128 (C.D. Ill. 2011) which addresses the reliability of identifying potential copyright infringers through IP addresses. (*Id.* at 2). *VPR* discusses how, regardless of guilt, identified IP addresses can have the propensity to look guilty. (*Id.*) While these are all valid concerns, the fact remains that file sharing of copyrighted work is

infringement. *See Metro-Goldwyn-Mayer Studies Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). Plaintiff would be unable to enforce its rights if any defendant could quash a subpoena based on the mere possibility that someone else had used the defendant subscriber's IP address to perpetuate the alleged infringement. However, to assuage Defendant's concerns, Plaintiff has no objection to Defendant filing the requested personal information under seal and allowing Defendant to proceed anonymously until the end of discovery.

This is not to say that the requested information is all that is required for Plaintiff to continue with this action. Rather, Plaintiff is on notice that after discovery is completed, Plaintiff must provide a strong factual basis for naming a defendant and that a defendant's connection with an IP address does not meet the required level to continue the action. *See Malibu Media*, 2013 WL 1504927, at *6.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Quash is DENIED but the personal information is to be filed under seal until the end of discovery.

Dated: July 9, 2013

    s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**